JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07153-RGK (JCGx) | Date | February 13, 2012 |
|---|---|---|---|
| Title | MATTHEW ALDEN v. ALLIANCE ADVISORS, LLC, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order to Remand Action to State Court

On June 10, 2011, Matthew Alden ("Plaintiff") filed a complaint against Alliance Advisors, LCC ("Alliance"), Matthew Bolger, Richard Ward, and Joseph Caruso (collectively, "Defendants") alleging 1) defamation, 2) intentional interference with economic relations, 3) negligent interference with economic relations, 4) intentional infliction of emotional distress, 5) negligent infliction of emotional distress, and 6) negligent supervision and hiring.

On August 11, 2011, Alliance removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Alliance's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In this case, Alliance relies solely on Plaintiff's response to a request for admission to carry its burden of proving that the amount in controversy has been met. On August 24, 2011, Alliance served Plaintiff with a request for admission asking Plaintiff to admit that he is seeking damages in this lawsuit in an amount that is less than $75,000.01, exclusive of interest and costs. In his response, Plaintiff denied Alliance's request for admission.

Alliance argues that Plaintiff's denial effectively establishes that this action meets the minimum amount in controversy for diversity of citizenship jurisdiction. The Court is disinclined to find that Plaintiff's denial that he is seeking damages in an amount that is less than $75,000.01 is an automatic admission that he is seeking a greater amount. Even if Plaintiff's response was a judicial admission, the Court still has discretion whether to accept it for purposes of determining jurisdiction. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988)). Accordingly, the Court finds that Plaintiff's response to Alliance's request for admission, on its own, is insufficient evidence to satisfy Alliance's burden of proof.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |